IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANNA M. CHASE                                                      PLAINTIFF

vs.                          Civil No. 6:09-cv-06022

MICHAEL J. ASTRUE                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Anna M. Chase ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff initially filed an application for SSI on April 22, 2004 and subsequently filed a second application for SSI on March 27, 2007.[2] (Tr. 62-69). Plaintiff alleged she was disabled due to bipolar disorder, irritable bowel syndrome (IBS), osteoarthritis, and a "back problem." (Tr. 99).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] The ALJ did not address the March 27, 2007 application in his opinion. (Tr. 12-22). Therefore, this Court will only address the April 22, 2004 application.

1

Plaintiff alleged an onset date of May 20, 1997. (Tr. 62). This application was initially denied on November 30, 2004 and was denied again on reconsideration on July 14, 2005. (Tr. 37-38). On September 15, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 35). This hearing was held on September 27, 2007 in Hot Springs, Arkansas. (Tr. 509-533). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 512).

On March 26, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 22, 2004, her application date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: depression, anxiety, poly-substance abuse, and alcohol abuse. (Tr. 14, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-18, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-21, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 18-21). Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20

>CFR 416.967(b) except sit for six hours total out of an eight-hour workday; stand and/or walk for six hours out of an eight-hour workday; and interpersonal contact is incidental to work performance; tasks are learned by performance and rote with few variables and little judgment required.

(Tr. 18, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 21, Finding 5). The ALJ then evaluated whether, considering her age, education, work experience, and RFC, Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 509-533). The VE testified that given all these factors, a hypothetical person with Plaintiff's limitations would be able to perform the requirements of a representative occupation such as cashier II with 9,100 such jobs in the region and 960,000 such jobs in the nation. (Tr. 22). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 22, 2004 through the date of his decision or through March 26, 2008. (Tr. 22, Finding 10).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On February 13, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 4-6). On March 26, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on May 15, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 10). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record as a whole. (Doc. No. 7, Pages 1-20). Specifically, Plaintiff claims the ALJ erred by finding she did not meet the requirements of one of the Listings, the ALJ erred by failing to assess her nonexertional limitations, and the ALJ erred by failing to fully and fairly develop the record. *See id.* In response, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff retained the RFC to perform light work with restrictions. (Doc. No. 10, Pages 3-9). Defendant also argues that Plaintiff did not carry her burden of demonstrating she satisfied the requirements of a listed impairment and that the ALJ fully and fairly developed the record. (Doc. No. 10, Pages 9-12). Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address this issue.[3]

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

---

[3] It appears Plaintiff did not directly raise this issue. This Court, however, can raise this issue *sua sponte. See Battles v. Shalala,* 36 F.3d 43, 45 n.2 (8th Cir. 1994) (holding "[e]ven if Battles had not raised an issue concerning the fairness of his hearing, we might well have raised it sua sponte").

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. The ALJ did not evaluate the *Polaski* factors or even acknowledge those factors. (Tr. 18-21). Instead of evaluating those factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused entirely upon Plaintiff's drug and alcohol use, stating the following:

> The claimant's credibility is diminished substantially. She is a continual user of street drugs and excessive use of alcohol. Her file is nothing more than one episode after another with some hospital visits interspersed when she needs help after attempting to kill herself. The claimant does have mental problems. No continuing physical problems have been shown to exist. The claimant's testimony that she is abstinent as of the date of the hearing and back to May 2007 is not credible in light of the medical record. There is no credible evidence of a physical impairment that would prevent the claimant from performing substantial gainful activity. Her testimony concerning her physical limitations is not supported by any objective medical evidence.

(Tr. 21).

While it is true that Plaintiff's perpetual drug use may diminish her credibility, this fact does not relieve the ALJ of his responsibility to follow the requirements of *Polaski*. Also, it is troubling that while the ALJ found Plaintiff "does have mental problems," he did not indicate *why* (apart from her drug and alcohol abuse) those mental problems were not credible to the extent alleged. Accordingly, because the ALJ's lack of analysis is entirely insufficient under *Polaski*, this case must be reversed and remanded for further consideration consistent with *Polaski*.[5]

Further, on remand, the ALJ should properly evaluate whether Plaintiff's alcohol and drug

---

[5]This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

abuse should be considered a "contributing factor material to the disability determination" as provided in 20 C.F.R. § 416.935. In assessing whether alcohol or drug abuse should be considered such a "contributing factor," the ALJ should *first* evaluate the evidence and, based upon that evidence, find the claimant is disabled. *See* 20 C.F.R. § 416.935. *Second,* the ALJ should further evaluate the evidence and, based upon that evidence, find that the alcohol or drug abuse was a contributing factor to the claimant's disability. *See* 20 C.F.R. § 416.935. *See also Brueggemann v. Barnhart,* 348 F.3d 689, 694 (8th Cir. 2003). If this abuse is found to be a "contributing factor," then the claimant is barred from receiving SSI. *See* 42 U.S.C. § 1382c(a)(3)(J). This is true even if the claimant would otherwise qualify as "disabled." *See id.*

In his opinion, the ALJ only addressed this issue in a cursory manner (Tr. 21) and did not fully explain whether this abuse should be considered a "contributing factor." Because the ALJ did not make a proper assessment of Plaintiff's alcohol and drug abuse (Tr. 12-22), the ALJ should also further address this issue on remand in accordance with 20 C.F.R. § 416.935 and 42 U.S.C. § 1382c(a)(3)(J).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 31st day of March, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE